# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:18-CV-32 |
| | ) | |
| v. | ) | Judges _____ |
| | ) | |
| **REAL PROPERTY LOCATED AT** | ) | |
| **2428 COVERED BRIDGE BOULEVARD,** | ) | |
| **KNOXVILLE, TENNESSEE 37932,** | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, and Kelly A. Norris, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. In this in rem civil action, the United States of America seeks forfeiture of the real property having a mailing address of 2428 Covered Bridge Boulevard, Knoxville, Tennessee 37932 (hereinafter "defendant property").

2. The United States of America seeks forfeiture of the defendant property pursuant to:

   (a) 21 U.S.C. § 881(a)(6), which authorizes forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended

to be used to facilitate a violation of the Controlled Substances Act, in violation of 21 U.S.C. §§ 841 and/or 846;

(b) 18 U.S.C. § 981(a)(1)(A), which authorizes forfeiture of any property, real or personal, involved in a transaction or attempted transaction, or any property traceable to such property in violation of 18 U.S.C. §§ 1956 and/or 1957; and

(c) 18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 1344 of this title, or any offense constituting "specified unlawful activity," as defined in section 1956(c)(7) of this title, or a conspiracy to commit such offense, in violation of 18 U.S.C. § 1344.

## THE DEFENDANT *IN REM*

3. The United States seeks forfeiture of the following defendant property, with all appurtenances, improvements, and attachments thereon, which are more fully identified and more particularly described below:

> SITUATED IN the Sixth (6th) Civil District of Knox County, Tennessee, and without the corporate limits of the City of Knoxville, Tennessee, and being all of Lot 89, COVERED BRIDGE AT HARDIN VALLEY, Phase 1A, as shown by plat of record in Instrument No. 200701310061966 in the Register's Office for Knox County, Tennessee, to which plat specific reference is hereby made for a more particular description thereof.
>
> THIS CONVEYANCE is subject to all applicable restrictions, easements, set-back lines, and other conditions shown of record in the Register's Office for Knox County, Tennessee.
>
> THE ABOVE DESCRIPTION IS THE SAME AS THE PREVIOUS DEED OF RECORD; NO BOUNDARY SURVEY HAVING BEEN MADE AT THE TIME OF THIS CONVEYANCE.
>
> Being the same property conveyed to Christopher D. Folden and Laurie E. Folden, husband and wife, from CBHP, LLC, a Tennessee limited liability company, by Warranty Deed dated June 22, 2015 and filed of record June 22, 2015 as Instrument No. 201506220070530 in the Register's Office for Knox County, Tennessee.
>
> With the hereditaments and appurtenances thereto appertaining, hereby releasing all claims to homestead and dower therein. TO HAVE AND

TO HOLD the said premises to the said Grantees, their heirs and assigns forever.

For further reference see Warranty Deed recorded on August 15, 2017 in the Register's Office for Knox County, Tennessee in Instrument Number 201708150010391.

4. The defendant property has not been seized but is within the jurisdiction of the Court pursuant to 28 U.S.C. § 1355(b)(1)(A). The United States does not request authority from the Court to seize the defendant property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(2) and (c)(1):

   a. post notice of this action and a copy of the Complaint on the Defendant Property;

   b. serve notice of this action on the record owner of the Defendant Property, and any other person or entity who may claim an interest in the Defendant Property, along with a copy of this Complaint;

   c. execute a writ of entry for purposes of conducting an inspection and inventory of the property; and

   d. file a notice of *lis pendens* in the county records where the Defendant Property is located.

## **JURISDICTION AND VENUE**

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture of the defendant property occurred in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C.

§ 1395(b) because the defendant property is located in this district.

## BASIS FOR FORFEITURE

8. The United States of America seeks forfeiture of the defendant property pursuant 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846, 18 U.S.C. §§ 981(a)(1)(A) for violations of 18 U.S.C. §§ 1956 and 1957 and 18 U.S.C. § 981(a)(1)(C) for violations of 18 U.S.C. § 1344.

9. Pursuant to 21 U.S.C. § 881(h) and 18 U.S.C. § 981(f), all right, title and interest in the defendant properties became vested in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

10. As set forth in detail in the Affidavit of Special Agent, Meredith L. Louden, Internal Revenue Service- Criminal Investigation, the Government's investigation has determined that the defendant property was proceeds of drug-related violations of 21 U.S.C. §§ 841 and 846 and derived from proceeds traceable to and involved in 18 U.S.C. §§ 1956 and 1957 and property derived from proceeds traceable to violations of 18 U.S.C. § 1344. The owners of the defendant property, Brooke L. Hensley and Debra M. Ridenour, and other co-conspirators are engaged in the distribution of heroin, crystal methamphetamine, and marijuana trafficking that operates in Tennessee, Georgia, and elsewhere, and are laundering drug proceeds in order to hide and disguise these proceeds from law enforcement officials and to promote and facilitate their drug trafficking activities. In addition, Brooke Hensley committed financial fraud that involves financial institutions, which are insured by the Federal Deposit Insurance Corporation or the National Credit Union Administration Board, through loan schemes.

11. The defendant property is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

## CLAIM FOR RELIEF

12. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 11 above.

## PRAYER FOR RELIEF

Wherefore, the United States of America prays:

(1) Defendant property be condemned and forfeited to the United States of America in accordance with the provisions of law;

(2) Notice of this action be given to all persons known or thought to have an interest in or right against the defendant property;

(3) Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

J. DOUGLAS OVERBEY
United States Attorney

By: *[signature]*

KELLY A. NORRIS
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167

# VERIFICATION

I, Meredith L. Loudon, Special Agent, Internal Revenue Service-Criminal Investigation Division, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Internal Revenue Service-Criminal Investigation Division.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of January, 2018.

_____
Meredith L. Loudon
Special Agent
Internal Revenue Service-Criminal Investigation Division

6

Case 3:18-cv-00032 Document 1 Filed 01/26/18 Page 6 of 6 PageID #: 6

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 550 Civil Rights ❏ 555 Prison Condition ❏ 560 Civil Detainee - Conditions of Confinement | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case 3:18-cv-00032 Document 1-1 Filed 01/26/18 Page 1 of 1 PageID #: 7